

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00176-CR

**THE STATE OF TEXAS,**

                **Appellant**

 **v.**

**SARAH BROOKE DUNSON,**

                **Appellee**

**From the County Court at Law
Coryell County, Texas
Trial Court No. 09-58933**

## MEMORANDUM OPINION

Sarah Brooke Dunson was charged by information with the offense of possession of a dangerous drug. The trial court granted Dunson's motion to suppress evidence. We reverse and remand.

### Background Facts

On January 30, 2009, at approximately 1:25 a.m., Officer Michael Gonzales observed a person driving a convertible vehicle with the top down in twenty-five

degree weather. The driver approached a four-way stop and failed to stop at the designated stop line. Officer Gonzales stopped the vehicle for a traffic violation.

Christina Garrett was driving the vehicle, and Dunson was a passenger. Officer Gonzales approached Garrett and asked for her driver's license and proof of insurance. Officer Gonzales detected the odor of alcohol coming from the vehicle. Garrett stated that they had been at a club, but that she had not consumed any alcoholic beverages.

A portable breath test indicated the presence of alcohol on Garrett's breath. A check on Garrett's driver's license revealed that she was under the age of twenty-one, and therefore, could be charged with driving under the influence of alcohol by minor. TEX. ALCO. BEV. CODE ANN. § 106.041 (Vernon 2007). Officer Gonzales did not place Garrett under arrest, but instead called Garrett's mother who agreed to come get her. Before Garrett's mother arrived, Garrett asked Officer Gonzales if Dunson could drive the vehicle.

Officer Gonzales then made contact with Dunson to determine if she was a suitable driver. Another officer at the scene, Officer Randolph, asked for Dunson's driver's license. Dunson stated that she had an Idaho license. The Idaho license was not located, but a check with dispatch revealed that Dunson actually had a Texas driver's license. Officer Gonzales became concerned that Dunson was trying to hide something such as outstanding warrants.

Based upon the contact with Dunson, Officer Gonzales talked again to Garrett and obtained consent to search the vehicle. The officers spoke with both Dunson and Garrett and asked if there was anything illegal in the vehicle. Dunson admitted that she

had Darvocet pills and that she did not have a valid prescription for the pills. The pills were located in Dunson's purse.

## Standard of Review

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). Because the trial court is the exclusive fact finder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman v. State*, supra. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Guzman v. State*, supra; *Davila v. State*, 4 S.W.3d 844, 847-48 (Tex. App.—Eastland 1999, no pet'n). We review questions involving legal principles and the application of law to established facts de novo. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). Therefore, we will examine the legality of the stop de novo.

## Discussion

We evaluate the reasonableness of a traffic stop based solely on an objective standard, and an officer's subjective intent plays no role in our determination of whether a traffic stop was reasonable. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Police may validly stop a vehicle for a traffic violation so long as the stop

would be objectively reasonable, regardless of whether the stop is a mere pretext to investigate unrelated criminal conduct. *Id*.

A traffic stop that is objectively reasonable at its inception may develop into a Fourth Amendment violation if the manner of its execution is unreasonable. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). A traffic stop made for the purpose of issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission. *Id*. An officer is not prohibited from inquiring into matters unrelated to the purpose of the traffic stop so long as the stop is not unreasonably extended. *Kothe v. State*, 152 S.W.3d at 63-65. A traffic stop may last as long as reasonably necessary to check the driver's license and car registration and to conduct a computer check of that information. *Kothe v. State*, 152 S.W.3d at 63.

The trial court found that Officer Gonzales did not observe Garrett commit a traffic offense and that he followed Garrett until he found probable cause to stop her. The trial court further found that "Officer Gonzales created a justification for stopping the vehicle and the initial stop was illegal and violated the defendant's Fourth Amendment Rights."

Dunson does not dispute the initial stop. At the suppression hearing, her trial counsel stated, "our issue doesn't have anything to do with the stop. I believe the testimony of the officer is sufficient to show that there was a valid reason to make the stop . . . We don't have an issue with the initial contact." Trial counsel further stated he was "not making argument that the stop wasn't valid … we're not arguing about the reason for the stop."

We agree with Dunson's counsel and find that the initial stop was legal and did not violate Dunson's Fourth Amendment rights. The trial court did not make a determination of the reasonableness of the detention after the initial stop. Because the trial court did not make findings on the continued detention, we do not consider whether the continued detention was reasonable. We sustain the State's sole issue on appeal.

## Conclusion

We reverse the trial court's order granting Dunson's motion to suppress and remand to the trial court for further proceedings consistent with this opinion.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed March 16, 2011
Do not publish